UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| SADIQ M. MIZORI, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:05-cv-94 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| _____) | |

      This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income (SSI) benefits. Plaintiff filed his application for benefits on April 3, 2002, claiming a May 1, 1997 onset of disability[1] on the basis of pain in his shoulders, arms, neck and back. Plaintiff's claim was denied on initial review. Plaintiff subsequently received a hearing before an administrative law judge at which plaintiff was represented by counsel. On December 7, 2004, the ALJ issued a decision denying plaintiff's claim for SSI benefits. (A.R. 20-26). The

---

[1] SSI benefits are not awarded retroactively for months prior to the application. 20 C.F.R. § 416.335; *see Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999); *Torres v. Chater*, 125 F.3d 166, 171 n.1 (3d Cir. 1997); *Kepler v. Chater*, 68 F.3d 387, 389 (10th Cir. 1995); *see also Romero v. Barnhart*, 135 F. App'x 172, 174 (10th Cir. 2005); *Newson v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). Therefore, the question before the Commissioner on plaintiff's SSI claim was whether plaintiff was disabled in or after April 2002, not plaintiff's alleged onset date in 1997. Moreover, the earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Plaintiff filed his April 2002, making May 2002 was the first month plaintiff was potentially entitled to SSI benefits.

Appeals Council denied review on April 28, 2005, and the ALJ's decision became the Commissioner's decision. (A.R. 51-53). On June 24, 2005, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for SSI benefits.

On August 24, 2005, the Commissioner filed an unopposed motion seeking remand for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g) because the tape of plaintiff's hearing before the ALJ was "partially or totally blank." (docket # 5). On August 24, 2005, the court entered an order granting the motion and remanding the matter to the Commissioner for further administrative proceedings. (Order, docket # 8). The court expressly retained jurisdiction. Plaintiff received a second administrative hearing on January 19, 2006, and was represented by counsel. (A.R. 224-44). Although a vocational expert was available as a witness, the ALJ elected not to elicit any vocational expert testimony in support of his decision. On July 18, 2006, the ALJ issued a 6-page decision denying plaintiff's application for SSI benefits, relying on Rule 202.20 of the Medical-Vocational Guidelines to direct a finding of non-disability. (A.R. 8-13). The Appeals Council denied review (A.R. 245-46), and the ALJ's decision became the Commissioner's final decision. Thereafter, the parties returned to court, the plaintiff seeking judicial review of the Commissioner's decision. (docket # 9). Plaintiff's brief presents 2 arguments:

    I.    DID THE ADMINISTRATIVE LAW JUDGE FAIL TO COMPLY WITH 20 C.F.R. § 404.1527, SOCIAL SECURITY RULING 96-2P IN NOT ACCORDING ADEQUATE WEIGHT TO THE OPINION OF THE CLAIMANT'S TREATING PHYSICIAN[?]

    II.    DID THE ADMINISTRATIVE LAW JUDGE'S [sic] ERR WHERE HE FAILED TO MAKE A SPECIFIC FINDING REGARDING THE AGE AND LITERACY OF THE CLAIMANT?

(Statement of Errors, Plaintiff's Brief at 10, docket # 19). I find that the above-quoted arguments are meritless, but nonetheless recommend that the Commissioner's decision be vacated, and the matter remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246

F.3d at 772-73.  "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability.  Plaintiff had a severe impairments of "chronic obstructive pulmonary disease." (A.R. 10).  The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments.  The ALJ determined that plaintiff's subjective complaints were not fully credible. (A.R. 11-12).  The ALJ found that plaintiff retained the  residual functional capacity (RFC) for light work.  Plaintiff was unable to perform his past relevant work.  The ALJ's decision failed to note that as of the date of the decision plaintiff was 56 years old.  For at least a year before the ALJ's decision, plaintiff should have been classified as a "person of advanced age." 20 C.F.R. § 416.963(e).  The ALJ found that plaintiff has at least a high school education.  The ALJ stated that the transferability of job skills was

not material to the determination of disability. The ALJ relied on Rule 202.20 of the Medical-Vocational Guidelines to direct a finding that plaintiff was not disabled and was not entitled to SSI benefits. (A.R. 13).

**1.**

It is well established that the medical opinions and diagnosis of treating physicians are not entitled to great weight where they are conclusory, but are entitled to such weight where supported by detailed objective criteria and documentation. *See Jones v. Commissioner*, 336 F.3d at 477; *Buxton*, 246 F.3d at 773; 20 C.F.R. § 416.927(d)(2); *see also Bingaman v. Commissioner*, 186 F. App'x 642, 647 (6th Cir. 2006). Plaintiff argues that the ALJ failed to give adequate weight to the opinion of plaintiff's treating physician and that the ALJ failed to provide "good reasons" for rejecting the opinion of plaintiff's treating physician's opinion as required by the Sixth Circuit's decision in *Wilson v. Commissioner*, 378 F.3d 541 (6th Cir. 2004). (Plaintiff's Brief at 13-16). Unfortunately, plaintiff's brief fails to identify the treating physician or even the opinion ALJ purportedly failed to give sufficient deference. The Sixth Circuit rejected this exact type of vague "treating physician" argument in *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 491(6th Cir. 2006):

> Hollon suggests that the ALJ failed to give proper deference to the opinions of Joseph's treating physicians. As the Commissioner points out in response, however, Hollon has failed to cite any specific opinion that the ALJ purportedly disregarded, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id.* at 491. Furthermore, there is no basis on this record for a finding that the ALJ failed to comply with the procedural requirement of providing good reasons for rejecting the opinion of a treating

physician. *See Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *Wilson v. Commissioner*, 378 F.3d at 544.

Plaintiff's brief mentions Doctor Thomas Keaveney and Dr. Bret Bielewski by name (docket # 19 at 14), but neither of those physicians was a treating physician, as plaintiff's brief admits. (*Id.*). Doctors Keaveny and Bielawski were consultative examiners. Their opinions are not subject to the special rules applicable to opinions offered by a treating physicians. Plaintiff presented exceedingly little medical evidence in support of his disability claim. He presented some medical records from the Ingham County Health Department, but none of the records contain opinions from any treating physician expressing an opinion that plaintiff was disabled, nor any medical basis for such an opinion.[2]

**2.**

Plaintiff argues that the Commissioner's decision should be overturned because the ALJ failed to make specific findings regarding plaintiff's age and literacy. (Plaintiff's Brief at 16-18). This argument is frivolous. On page 5 of his opinion, the ALJ expressly held that plaintiff was born on a specific date in July of 1950, and that plaintiff has at least a high school education and is able to communicate in English. (A.R. 12). It is undisputed that plaintiff's application for SSI benefits gave a 1950 date of birth. (A.R. 64-66, 231). Immediately above plaintiff's signature on the application for benefits is the statement, "I understand that anyone who knowingly lies or misrepresents the truth or arranges for someone to knowingly lie or misrepresent the truth is

---

[2]The medical records do show that plaintiff continued to smoke cigarettes after being repeatedly advised to quit smoking. (A.R. 114, 15, 127-30, 145, 198, 202; *see also* A.R. 153, 214, 238-39).

committing a crime which can be punished under Federal law, State law, or both. Everything in this application is the truth as best I know it." (A.R. 66). Plaintiff testified that he obtained admission to this country based on documents identifying his birth as occurring in 1950. (A.R. 231-33). The ALJ rejected plaintiff's testimony expressing plaintiff's belief that he had actually been born sometime in 1944 or 45. (A.R. 231).

Plaintiff's attorney did not elicit any testimony from plaintiff regarding any "literacy" problems that plaintiff might have had.[3] Plaintiff had a 4-year college education in Iraq and testified at his hearing in English without the aid of an interpreter. The regulations define "illiteracy" as the "inability to read or write." 20 C.F.R. § 416.964(b)(1). Section 416.964(b)(1) also states, "We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." *Id.* I find that the ALJ's factual findings regarding plaintiff's age and education as a vocational factors are supported by more than substantial evidence.

**3.**

The ALJ's decision should be vacated because the ALJ erroneously relied on Rule 202.20 of the Medical-Vocational Guidelines to direct a finding that plaintiff was not disabled. (A.R. 13). Rule 202.20 applies to a "younger individual" which is defined as a person under age 50. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2; *see also* 20 C.F.R. § 416.963(c). Plaintiff was over age 50 when he filed his application for benefits, and was 56 years old on the date the ALJ issued his

---

[3]Plaintiff testified that he had a valid driver's licence and was able to drive a car. Plaintiff testified that he was the father of eight children, ages ranging from 4 to 16 years old. Plaintiff indicated that it was his responsibility to get the children to the school bus stop in the morning. (A.R. 236-38).

decision. I find that the ALJ's decision denying plaintiff's application for SSI benefits based on Rule 202.20 of the Medical-Vocational Guidelines is based on a clear error of law. The matter must be remanded to the Commissioner for analysis of plaintiff's claim under the correct Medical-Vocational Guideline.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be vacated, and that the matter remanded to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated:  August 27, 2007          /s/  Joseph G. Scoville
                                 United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).