UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SADIQ M. MIZORI, | Case No. 5:05-cv-94 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**Order Adopting R&R and Terminating Case**

This matter was referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R issued on Monday, August 27, 2007 and was served on counsel for both parties on that date.

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Tuesday, August 28, 2007.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday September 1, Sunday September 2, Monday September 3 (Labor Day), Saturday September 8, and Sunday September 9.

Thus, the ten-day period for filing objections expired at midnight on Tuesday, September 11.

Neither party filed objections before that time, so this court is not obligated to review the R&R's merits *de novo* or otherwise. As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

---

[1] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, No. 5:05cv2155, – F. Supp.2d –, 2007 WL 2292440, at *1 (N.D. Ohio Aug. 7, 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

The failure to file timely specific objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)© simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

In any event, the court finds the R&R to be well-reasoned.[2] For the reasons explained by the

---

2

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Brown v. US*, No. 06-14087, 2007 WL 2156283, at *1 (E.D. Mich. July 25, 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). *See also:*

3

R&R at 5-6, Mizori fails to show that the ALJ gave inadequate weight to a treating physician's opinion, because he fails to identify the treating physician or the medical opinion in question. The R&R at 6-7 also cogently explains the lack of merit in Mizori's argument that the ALJ did not make specific findings regarding his age and literacy: the ALJ did make specific findings as to Mizori's age (born in July 1950) and literacy (four-year college education in Iraq and testimony in English at the hearing without the aid of an interpreter), and those findings are consistent with the representations Mizori made under penalty of perjury in his written application for benefits.

The R&R is also correct to note that the ALJ erred on a ground that was not raised by Mizori's brief. Specifically, in determining that Sidori's shoulder, arm, neck, and back pain did not render him disabled after the date of his application (April 3, 2002), the ALJ erroneously relied on Medical-Vocational Guidelines (C.F.R. Part 404, Subpart 2, Appendix 2) Rule 202.20, which applies

---

*Hart v. Ridge Tool Co.*, No. 1:06cv780, – F. Supp.2d –, 2007 WL 1983688, at *2 (N.D. Ohio July 5, 2007) (Nugent, J.);

*US v. Thornton*, No. 6:06cv459, – F. Supp.2d – , 2007 WL 1742160, at *1 (E.D. Ky. June 12, 2007) (Reeves, J.);

*US v. Stone*, No. 06cv86, – F. Supp.2d –, 2007 WL 1610499, at *1 (E.D. Ky. May 31, 2007) (Forester, J.);

*Powell v. Comm'r, Ky. Dep't of Corrs.*, No. 5:06cv32, 2007 WL 756363, at *1 (E.D. Ky. Mar. 8, 2007) (Hood, J.);

*Montalvo v. GMC*, No. 3:04cv7778, 2006 WL 1888704, at *1 (N.D. Ohio July 7, 2006) (Zouhary, J.) ("Neither party objected to the Magistrate's Report. * * * Thus, the Court declines to review the Magistrate's report.");

*Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190, at *1 (E.D. Mich. Dec. 23, 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

only to a "younger individual," which the regulations define as someone under age fifty. *See generally Rinicella v. HHS*, No. 84-3830, 774 F.3d 1163, 1985 WL 13714, at *3 (6th Cir. Sept. 10, 1985) ("The ALJ found that plaintiff met the criteria for a finding of no disability under Rule 202.20 . . . which are that (1) *the claimant be a younger individual*, (2) a high school graduate or more, and (3) whose previous work experience was unskilled.") (emphasis added); *Holland v. Massanari*, 152 F. Supp.2d 929, 938 ("[U]nder Rule 202.20, *which refers to a younger person* restricted to light work with a high school education who has no previous work experience . . . .") (emphasis added).

Because Mizori was born in July 1950, he was fifty-one years old when he applied for benefits (April 2002) and fifty-four when the ALJ issued his decision (December 2004). Consequently, the ALJ must determine the presence or absence of disability by using the Medical-Vocational Guideline Rule(s) that apply to someone of Mizori's age. *See, e.g., Williams v. Barnhart*, 338 F. Supp.2d 849, 852 (M.D. Tenn. 2004) ("The framework of Rules 202.20, 202.21 *(before she turned age 50)* and Rules 202.13 and 202.14 *(after she turned age 50)* of the Medical-Vocational Guidelines and VE testimony demonstrate that the claimant has the residual functional capacity to perform jobs that exist in significant numbers in the national economy.") (emphasis added).

Accordingly, having reviewed the pleadings, the parties' briefs, and the R&R, the court hereby **ADOPTS** the R&R [docket #25].

The court **OVERRULES** Mizori's objections but **VACATES** the Commissioner's decision and **REMANDS** the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

The court does not retain jurisdiction.  This case is **TERMINATED.**

While § 405(g) gives the courts of appeals jurisdiction over orders remanding social-security claims to the Commissioner, *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535, 537-38 (6th Cir. 2004) (citation omitted), the parties' failure to file objections waives their right to appeal.  *See Harris v. Detroit Pub. Schs.*, No. 06-1476, – F. App'x –, 2007 WL 2050645, at *4 n.6 (6th Cir. July 13, 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[3]

**IT IS SO ORDERED this 13th day of September 2007.**

/s/ Paul L. Maloney

```
Paul L. Maloney
United States District Judge
Western District of Michigan
```

---

[3]

*See, e.g., Ramjit v. Moore*, No. 06-3784, – F. App'x –, 2007 WL 1958628, at *1 (6th Cir. July 2, 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas v. Arn*, 474 U.S. 140, 155 (1985));

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation.  * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, No. 93-6386, 61 F.3d 903, 1995 WL 44630, at *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).